**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

CRIMINAL ACTION NO. _____

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

V.                                    **PLEA AGREEMENT**

**PAULA KAYE GILL**                                    **DEFENDANT**

\* \* \* \* \*

1.    Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to a single count Information, charging a violation of 21 U.S.C. § 843(a)(4)(A) – providing false information on an application to the Drug Enforcement Administration (DEA).

2.    The essential elements of the violation charged in the Information are:

(a)    the Defendant provided information to the DEA on an application form;

(b)    the information was false;

(c)    the information was material; and

(d)    the Defendant acted knowingly or intentionally.

3.    As to the charged count and other relevant conduct, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a)    Defendant Gill was a dentist, licensed to practice in Kentucky for many years. On October 13, 2010, the Kentucky Board of Dentistry suspended

       Dr. Gill's license to practice. On March 19, 2012, Gill's dental license suspension ended through a settlement agreement reached with the Kentucky Board of Dentistry.

(b)  On August 4, 2021, Dr. Gill completed and electronically signed a DEA-224A Form, requesting a renewal of her DEA registration number. A DEA registration number allows a properly licensed medical practitioner to prescribe controlled substances.

(c)  Question No. 3 on the 224A Form asked, "Has the applicant ever surrendered (for cause) or had a state professional license or controlled substance registration revoked, suspended, denied, restricted, or placed on probation, or is any such action pending?" Dr. Gill answered "N" for no to that question.

(d)  The false answer provided by Dr. Gill to Question No. 3 on the 224A Form was material because the DEA relies on accurate answers to these questions to make appropriate follow-up inquiries before deciding whether an applicant's DEA registration will be renewed.

(e)  Dr. Gill acted knowingly and intentionally when she answered question No. 3 on the 224A Form.

4.  The statutory punishment for the count alleged in the Information is imprisonment for not more than 4 years, a fine of not more than $250,000, and a term of supervised release of not more than 1 year. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a)  The United States Sentencing Guidelines (U.S.S.G.), November 1, 2024 manual, will determine the Defendant's guidelines range.

(b)  Pursuant to U.S.S.G. § 2D1.13, the base offense level is 6.

        (c)     Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.     No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4. If the Defendant's criminal history is found to reflect zero criminal history points, the parties agree her overall offense level should be lowered by 2 levels in accordance with U.S.S.G. § 4C1.1, because the instant offense did not involve any of the specified aggravating factors in that section.

7.     The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8.     The Defendant waives the right to appeal her guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally her guilty plea, conviction, and sentence.

9.     Defendant understands and agrees that the status of any professional license held by defendant is not protected by this Agreement and is a matter solely within the discretion of the appropriate licensing authority. The United States may in its discretion, provide any professional licensing authority any documents or information in its possession relating to this matter.

10.     If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11.     This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12.     The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained it to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. MCCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 5/2/2025          By: _____
                            Brittany Dunn-Pirio
                            Assistant United States Attorney

Date: 5/15/2025          _____
                         Paula K. Gill
                         Defendant

Date: 5/18/2025          _____
                         Andrew Feldman
                         Attorney for Defendant